## State v. Marut
*[Cite as 7 AOA 515]*

*Case No. 89-L-14-124*
*Lake County, (11th)*
*Decided October 19, 1990*

*Steven C. LaTourette, Lake County Prosecutor and Michael D. Murray, Assistant Prosecutor, Lake County Courthouse, P.O. Box 490, Painesville, Ohio 44077, for Plaintiff-Appellee.*

*Albert L. Purola, 37742 Euclid Avenue, Willoughby, Ohio 44094, for Defendant-Appellant.*

PRYATEL, J.

Appellant, Scott Marut, along with his father, Robert Marut, was indicted on one count of felonious assault on February 19, 1989. The facts which gave rise to this indictment were that appellant, while at the Honky Tonk Saloon, in Grand River, Ohio, became involved in an altercation with another patron, George Head. Although witnesses related differing versions of the facts, the end result of the fight (which appellant apparently started) was that Head had his eye gouged out.

A trial was had on the indictment on September 11, 1989. On September 13, 1989, a Lake County jury found Robert Marut not guilty of either felonious assault, under R.C. 2903.11, and also not guilty of the lesser included offense of assault, R.C. 2908.13. Appellant was also found not guilty of felonious assault. He was, however, found guilty of the lesser included offense of assault.

Following the jury's decision, the trial court dismissed the jury with the following words:

"Ladies and gentlemen, I have been on the bench eleven years and I have never said anything to the jury about their verdict, because my opinion is that the jury system is our system and, good or bad, it is, in fact our system, and this is how we live by it *** .

"So therefore, when you give a problem to twelve people you should not chastise those twelve people for whatever the decision is that they make. But in my opinion this verdict ignores the evidence and is unreasonable."

The trial court then proceeded directly to sentencing, despite appellant's counsel's desire to delay sentencing for a pre-sentence investigation and to counsel patience against the trial court's apparent ire over the jury verdict. The court ignored counsel's request and sentenced appellant. In sentencing appellant, the court made the following comments:

"Mr. Marut, in my eleven years on the bench, as I have said to the jury, I think their actions are reprehensible, but your actions are most reprehensible.

"I thought as a judge and as a lawyer that I had heard and seen everything, but I guess I haven't.

"***

"When you decided you were going to fight with this man you intended, as the prosecutor said, to hurt him and hurt him bad. There is no other explanation in this case. ***

"What happened you intended to happen, and it's for that reason that I gave you the maximum sentence, and I'm sorry that I couldn't have made it more. *** "

The trial court sentenced appellant to the maximum sentence for a first degree misdemeanor: Six months in jail and a $1,000 fine. The court further ordered appellant to pay full restitution for Head's medical costs, a portion of sentencing that was later dropped. Appellant received a stay from this court and now timely appeals.

"The trial court abused its discretion in imposing the maximum sentence immediately after the verdict without consideration of the statutory criteria."

Appellant's sole assignment of error argues that it was an abuse of discretion for the trial court to order the maximum sentence immediately after the verdict without consideration of the statutory criteria set forth in R.C. 2929.22.

"The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Steiner v. Custer* (1940), 137 Ohio St. 448; *Conner v. Conner* (1959), 170 Ohio St. 85; *Chester Township v. Geauga Co. Budget Comm.* (1976), 48 Ohio St. 2d 372." *Blakemore v. Blakemore* (1983), 5 Ohio St. 3d 217, 219.

In view of the severity of the injury precipitated by the appellant's role in this case, we would normally conclude that the court's attitude, in sentencing appellant, was not arbitrary, unreasonable, or unconscionable. However, R.C. 2929.22(A) states:

"In determining whether to impose imprisonment or a fine, or both, for misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine, the court shall consider the risk that the offender will commit another offense and the need for protecting the public there from, the nature and circumstances of the offense, the history, character, and condition of the offender and his need for correctional or rehabilitative treatment, and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on him."

Further, R.C. 2929.22(E) adds:

"The court shall not impose a fine in addition to imprisonment, for misdemeanor, unless a fine is specially adapted to deterrence of the offense or the correction of the offender, or the offense has proximately resulted in physical harm to the person or the property of another, *** ."

As *Cincinnati v. Clardy* (1978), 57 Ohio App. 2d 153, notes, "[i]n imposing sentence, a trial court *must* give consideration to factors set forth in R.C. 2929.22 and a failure to do so is an abuse of discretion." *Id.* at the first paragraph of the syllabus. (Emphasis added.) Moreover, "it constitutes an abuse of discretion for a trial court to impose a more severe sentence for a lesser charge of which the defendant was convicted because of the trial court's belief that the jury was mistaken in finding the defendant not guilty of a more serious offense." *Columbus v. Jones* (1987), 39 Ohio App. 3d 87, 89-90.

Examination of the applicable Ohio jurisprudence on this subject indicates that the trial court judge, in the case *sub judice*, participated, as a jurist, in one of the seminal cases which discussed examination of statutory factors prior to sentencing. In *State v. Turner* (1987), 37 Ohio

App. 3d 38, the Eighth District examined a factual scenario in which a trial court sentenced a defendant, who had pleaded guilty to a fourth degree felony, pursuant to a negotiated agreement, to an indefinite, rather than definite sentence. The court, in reversing the trial court's decision and remanding the case for sentencing stated:

"*** [W]e have determined that, while a court's sentencing discretion is broad, the record must indicate that the court considered the statutory criteria. A failure to weigh these factors constitutes an abuse of discretion. *** We have repeatedly held that a presentence report or some other evidence that the trial judge considered the statutory factors satisfies the law. *** " *Id.* at 40. (Citations omitted.)

In the case *sub judice,* however, the trial court failed even to make a pretense of considering the statutory criteria set forth in R.C. 2929.22. instead, it would appear that, in its anger at the jury verdict, the court simply used its judicial discretion and fiat to impose the strictest sentence possible to redress what it felt was a "reprehensible" jury verdict. Not only was the trial court's action unreasonable and unconscionable, but was also, *per se,* an abuse of discretion under the *Jones, supra,* test which specifically forbids the type of conduct practiced by the trial court in this case. (However, examination of the record does not lead to a "presumption of vindictiveness" such that would make the sentence violative of the Fourteenth Amendment, under *North Carolina v. Pearce* (1969), 395 U.S. 711.)

Appellant's assignment of error is with merit.

Consequently, for the reasons set forth in this opinion, the judgment of the trial court, insofar as it relates to the sentencing of the appellant, is reversed. This cause will therefore be remanded to the Lake County Court of Common Pleas for resentencing.

In its order of remand, this court imposes no restrictions on whether the original trial court judge in this case may be assigned to resentence appellant. Appellant, should he feel that a conflict exists between him and the trial court judge, will have to petition the Ohio Supreme Court to remove the trial court judge from the case. Further, in remanding this cause for resentencing, this court makes no comment, pro or con, about the suitability of the sentence originally imposed on appellant, should it have been imposed after due record consideration of all appropriate statutory factors contained in R.C. 2929.22.

CHRISTLEY, P.J., and MAHONEY, J., concur.