**The STATE of Ohio, Appellee,**

v.

**LAZADA, Appellant.**

[Cite as *State v. Lazada* (1995), 107 Ohio App.3d 189.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67147.

Decided Nov. 6, 1995.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *John Manley,* Assistant Prosecuting Attorney, for appellee.

*Valerie R. Arbie,* Cuyahoga County Assistant Public Defender, for appellant.

PATRICIA ANN BLACKMON, Presiding Judge.

Ricardo E. Lazada, defendant-appellant, appeals his convictions for grand theft of a motor vehicle and possession of criminal tools and assigns the following error for our review:

"The trial court abused its discretion and subjected Ricardo Lazada to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article I, Section 9 of the Ohio Constitution when it sentenced him to maximum consecutive sentences for his convictions of grand theft (motor vehicle) and possession of criminal tools, to wit: a screwdriver."

Having reviewed the record of the proceedings and the legal arguments presented by the parties, we affirm the judgment of the trial court. The apposite facts follow.

On the evening of February 25, 1993 at approximately 11:30 p.m., Ricardo and Victor Lazada and another man stole a car from a parking lot in Lakewood, Ohio. Lakewood police received a radio call, spotted the car, and gave chase. Lazada, the driver of the stolen car, bailed out and a foot chase began. Once a police officer caught up with Lazada, a struggle ensued between them, and eventually, Lazada was subdued and placed under arrest.

Lazada was indicted for grand theft auto, possession of criminal tools (a screwdriver), and felonious assault of a police officer. Lazada was willing to plead guilty to grand theft auto and possession of criminal tools, but not to the charge of felonious assault. After several plea bargaining attempts, the case proceeded to a jury trial. Lazada admitted to the theft and the possession of a criminal tool during trial but denied the assault. The jury returned a verdict of guilty on the charges of grand theft auto and possession of criminal tools but returned a verdict of not guilty on the charge of felonious assault.

After a continuance for a presentence report, the trial court imposed the maximum sentences of four to ten years for grand theft auto and three to five years for possession of criminal tools and ordered them to run consecutively.

In his sole assignment of error, Lazada makes two arguments. First, he contends that the trial court subjected him to cruel and unusual punishment in violation of the Ohio and United States Constitutions and second, that the court abused its discretion in imposing the maximum sentence. In the first argument, he reasons that the sentence is disproportionate because the facts and circumstances of his crime do not merit imposition of the maximum sentence. We disagree.

The standard of review for determining the constitutionality of Lazada's sentence is plenary. Ohio courts have held that a sentence does not violate the constitutional prohibition against cruel and unusual punishment if it is not so greatly disproportionate to the offense as to "shock the sense of justice of the community." See *State v. Chaffin* (1972), 30 Ohio St.2d 13, 17, 59 O.O.2d 51, 53–54, 282 N.E.2d 46, 49. See, also, *State v. O'Shannon* (1988), 44 Ohio App.3d 197, 542 N.E.2d 693. Moreover, the Supreme Court of the United States has provided that "[r]eviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." *Solem v. Helm* (1983), 463 U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637, 649–650. In either case, the ultimate decision is whether the punishment, as a matter of law, violates the United States or the Ohio Constitution.

The Supreme Court concluded that proportionality analysis "should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Id.* at 292, 103 S.Ct. at 3011, 77 L.Ed.2d at 650. The court, however, noted that "no one factor will be dispositive in a given case." *Id.* at 290, 103 S.Ct. at 3010, 77 L.Ed.2d at 649, fn. 17.

In *Harmelin v. Michigan* (1991), 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836, a plurality of the Supreme Court focused on the proportionality requirement set forth in *Solem* and eliminated the need for comparative proportionality analysis in every case. "The proper role for comparative analysis of sentences, then, is to validate an initial judgment that a sentence is grossly disproportionate to a crime." *Id.* at 1005, 111 S.Ct. at 2707, 115 L.Ed.2d at 872. Therefore, where "a comparison of [a defendant's] crime with his sentence does not give rise to an inference of gross disproportionality," a comparative analysis with other sentences need not be performed. See *id.*

This court has recognized that a criminal offense is unconstitutionally applied as an enhancement when it disproportionately enhances the penalty imposed for a lesser offense. *State v. Gilham* (1988), 48 Ohio App.3d 293, 549 N.E.2d 555 (held R.C. 2923.24 for felony criminal tools unconstitutionally enhanced the misdemeanor crime of prostitution). Nevertheless, this court is mindful that other factors, such as prior criminal record and behavior during trial, may be considered in sentencing. *State v. Pritchett* (Feb. 25, 1988), Cuyahoga App. No. 53474, unreported, 1988 WL 22804 (held not cruel and unusual punishment to sentence recidivist more severely than first-time offender). The record *sub judice* reveals that Lazada had a presentence report which revealed a prior criminal record, but does not indicate the particular results of that report. Without knowing all the facts the trial court had before it, it is difficult to draw an inference of disproportionality or have an idea of whether the community's sense of justice would be shocked.

In comparing the crimes and punishment imposed in the case *sub judice*, this court gives substantial deference to the General Assembly's sentencing guidelines, which demonstrate an intent to make punishment proportionate to the degree of crime. Grand theft auto is a felony of the third degree. R.C. 2913.02. The maximum penalty for a third degree felony is four to ten years of incarceration. R.C. 2929.11(B)(6). Possession of criminal tools is a felony of the fourth degree. R.C. 2923.24. The maximum sentence for possession of criminal tools is three to five years of incarceration. R.C. 2929.11(B)(7). In view of the actual sentence imposed in the instant case, this court must also give substantial deference to the trial court for sentencing within those guidelines.

Having compared the crime and punishment, this court finds that the sentence imposed upon Ricardo Lazada does not shock the sense of justice of this community, nor does it give rise to an inference of gross disproportionality. Therefore, as a matter of law, the sentence imposed upon Lazada is not cruel and unusual punishment.

■ In his second argument, Lazada argues that the trial court abused its discretion in imposing the maximum sentence in order to punish him for the felonious assault for which he was acquitted. We disagree.

Sentencing is within the sound discretion of the trial court and shall not be disturbed absent an abuse of discretion. *Toledo v. Reasonover* (1965), 5 Ohio St.2d 22, 34 O.O.2d 13, 213 N.E.2d 179. Abuse of discretion connotes more than mere error; it indicates that the trial court's attitude was arbitrary, unconscionable, or unreasonable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1141–1142. "A judge is presumed, in the absence of a showing to the contrary, to have considered in the sentencing process the standards mandated by [R.C. 2929.13]." *Columbus v. Jones* (1987), 39 Ohio App.3d 87, 89, 529 N.E.2d 947, 949.

Ohio courts have held that it is an abuse of discretion for a trial court to impose a more severe sentence "because the trial court feels the jury was mistaken in finding the defendant not guilty of another charged offense. Such action serves to destroy the effectiveness of the right to [a] jury trial." *Id.* at 90, 529 N.E.2d at 950. See, also, *State v. Marut* (1990), 70 Ohio App.3d 3, 590 N.E.2d 360. In *Jones,* the trial court required the defendant to attend an alcohol treatment program, even though he was acquitted of the alcohol-related charge. *Id.* at 90, 529 N.E.2d at 950–951. In *Marut,* there was, *per se,* an abuse of discretion because the trial court used its sentencing discretion "to impose the strictest sentence possible to redress what it felt was a 'reprehensible' jury verdict." *Id.* at 6, 590 N.E.2d at 362. But, see, *Columbus v. Underhill* (Sept. 22, 1992), Franklin App. No. 92AP–325, unreported, 1992 WL 246034 (affirmed maximum sentence where no evidence of abuse or vindictiveness).

In the case *sub judice,* there is no evidence in the record that the trial court's sentence was motivated by a dissatisfaction with the jury's verdict. After the verdict was returned, the trial court did not openly criticize the jury's verdict and impose sentence immediately like the trial court in *Marut, supra.* A presentence report was ordered and the case was continued for sentencing. At sentencing, the court did not impose a sentence that was obviously tailored to the charge for which the defendant was acquitted, as was the case in *Jones, supra.*

The trial court in this case simply imposed the maximum sentence upon Lazada after reviewing the presentence report. Accordingly, we must presume that the trial court followed the sentencing criteria set forth in R.C. 2929.13. We, therefore, hold that the trial court did not abuse its discretion in sentencing Ricardo Lazada.

The judgment is affirmed.

*Judgment affirmed.*

KARPINSKI and HARPER, JJ., concur.