OPINION
Defendant-appellant, Daniel Lee Jones, appeals from his conviction for attempted rape in violation of R.C.2923.02(A).
In May 1995, Jones lived in a room next door to Tony and Michelle Wagster at the Capri Motel in Hamilton, Ohio. On the evening of May 12, 1995, Jones went to drink at a nearby bar. At 2:30 a.m. on May 13, 1995, the bar closed and Jones returned to his room at the Capri. When Michelle Wagster walked past Jones' door at approximately 2:45 a.m., Jones grabbed her by the hair, pulled her into his room, and demanded that she perform oral sex. When Wagster refused, Jones hit Wagster and started choking her. Wagster began to scream and when Jones turned away from her, Wagster was able to escape from his room.
On July 12, 1995, Jones was indicted by a Butler County Grand Jury on one count of kidnapping in violation of R.C.2905.01(A)(4) and one count of attempted rape in violation of R.C. 2923.02(A). On July 19, 1995, Jones moved the trial court for a determination of whether he was competent to stand trial. After Jones was evaluated by a psychologist, the trial court held a hearing on October 26, 1995 and concluded that Jones was competent.
A bench trial was held on November 20, 1995. On November 21, 1995, the trial court returned a verdict finding Jones guilty of attempted rape. The trial court merged the kidnapping count with the count of attempted rape after determining that the two offenses were allied offenses of similar import pursuant to R.C.2941.25. On January 18, 1996, the trial court sentenced Jones to a minimum term of five years and a maximum term of fifteen years imprisonment.
On August 16, 1996, Jones filed a petition for postconviction relief claiming that he was denied his right to an appeal as a result of the trial court's failure to appoint appellate counsel. On September 17, 1996, the trial court vacated and re-entered the conviction entry. Jones subsequently filed a timely notice of appeal and assigns the following four assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY MAKING AN UNCONDITIONAL FINDING THAT JONES WAS COMPETENT TO STAND TRIAL (AND, THEREFORE, TO WAIVE HIS RIGHT TO A JURY) ALTHOUGH THE COMPETENCY REPORT CONCLUDED THAT JONES WAS COMPETENT ONLY IF HE WAS RECEIVING HIS PSYCHOTROPIC MEDICATIONS AS PRESCRIBED. THE COURT COMPOUNDED THIS ERROR BY FAILING TO TAKE ANY STEPS TO INSURE THAT JONES WAS TAKING HIS MEDICATION PROPERLY AT THE TIME OF TRIAL AND SENTENCING. THESE ERRORS DEPRIVED JONES OF HIS RIGHTS TO DUE PROCESS, A FAIR TRIAL, AND TO A JURY TRIAL AS GUARANTEED BY THE OHIO AND UNITED STATES CONSTITUTIONS.
Assignment of Error No. 2:
 THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED JONES HIS RIGHT TO DUE PROCESS AND A FAIR TRIAL AS GUARANTEED BY THE OHIO AND UNITED STATES CONSTITUTIONS BY SENTENCING JONES ON THE BASIS OF MISTAKEN ASSUMPTIONS OF FACT.
Assignment of Error No. 3:
 THE TRIAL COURT DEPRIVED JONES OF HIS RIGHT TO A JURY TRIAL UNDER R.C. 2945.17 AND THE OHIO AND UNITED STATES CONSTITUTIONS BY FAILING TO PROPERLY INQUIRE INTO WHETHER HIS PURPORTED JURY WAIVER WAS KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE.
Assignment of Error No. 4:
 JONES WAS DEPRIVED OF THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE OHIO AND UNITED STATES CONSTITUTIONS BY COUNSEL'S FAILURE: (1) TO OBJECT TO THE COURT'S UNCONDITIONAL FINDING OF COMPETENCY; (2) TO REQUEST AN INQUIRY ON THE RECORD TO DETERMINE WHETHER JONES WAS PROPERLY RECEIVING HIS MEDICATION; AND (3) TO OBJECT TO AND CORRECT THE COURT'S MISTAKEN ASSUMPTIONS OF FACT AT THE SENTENCING HEARING.
In his first assignment of error, Jones contends that the trial court erred by finding that he was competent to stand trial. Pursuant to fundamental principles of due process, a defendant who is legally incompetent cannot be subjected to trial. Pate v. Robinson (1966), 383 U.S. 375, 86 S.Ct. 836; State v. Berry (1995), 72 Ohio St.3d 354. A defendant is competent to stand trial if he has the ability to consult with his attorney in a rational manner, and he has a rational and factual understanding of the proceedings. Berry at 359, quoting Dusky v. United States (1960), 362 U.S. 402, 80 S.Ct. 788.
In Ohio, R.C. 2945.37 protects a defendant's right not to be tried or convicted while incompetent. Berry at 359. R.C.2945.37(A) provides, in part:
 A defendant is presumed competent to stand trial, unless it is proved by a preponderance of the evidence in a hearing under this section that because of his present mental condition he is incapable of understanding the nature and objective of the proceedings against him or of presently assisting in his defense.
In order to overcome the presumption of competence in R.C.2945.37(A), a defendant has the burden of proving that he is incompetent by a preponderance of the evidence. See State v. Williams (1986), 23 Ohio St.3d 16, 19; State v. Clemmons (Dec. 20, 1996), Trumbull App. No. 95-T-5305, unreported. A trial court's determination of competency will be affirmed where the finding is supported by competent, credible evidence. Williams at 19.
R.C. 2945.37(A) provides that when the issue of a defendant's competence is raised before trial, "the court shall hold a hearing as provided in this section." At the hearing, both the prosecutor and the defense may submit evidence on the issue of the defendant's competency. R.C. 2945.37(A). In addition, a written competency report may be admitted into evidence by stipulation of the prosecution and defense. R.C. 2945.37(A). Based upon the evidence submitted, the trial court must determine whether a defendant is competent to stand trial. R.C. 2945.37(A).
At the competency hearing in the present case, a competency report prepared by Dr. Thomas O. Martin, a staff psychologist at the Dayton Forensic Unit, was submitted to the trial court. After the prosecution and defense stipulated to the admission of the competency report, the trial court asked whether the defense wished to present any further evidence and Jones' trial counsel responded:
 MR. MORGAN: No evidence as to competency, your honor. I have conferred with him and he advises me that he feels he is ready to stand trial, capable of standing trial and cooperating with me.
Based on the evidence submitted, the trial court found that Jones was capable of participating in his own defense and understood the nature and extent of the crime with which he was charged. Accordingly, the trial court concluded that Jones was competent to stand trial.
Dr. Martin's report reveals that Jones had a history of mental illness and suffered from some delusional beliefs. However, the report shows that Jones identified the charges filed against him, recognized that the charges were serious, and realized that there might be legal penalties associated with a conviction on the charges. In addition, Jones explained the basic roles of various trial participants including the judge, jury, defense attorney, prosecutor, and witnesses. Finally, Jones provided an account of events that occurred around the time of the alleged offense and insisted that he would be able to work with his defense attorney.
Dr. Martin found that Jones "demonstrated an adequate basic understanding of the nature and objectives of the legal proceedings against him, and was able to comprehend the basic nature of the adversary process." In addition, Dr. Martin found that Jones "presented no condition or circumstance that would prevent him from counseling with an attorney in a rational and reasonable manner in the preparation of his own defense, provided that he continue to receive prescribed psychotropic medications on a regular basis." As a result, Dr. Martin concluded that Jones was competent to stand trial.
Jones argues that Dr. Martin's report was insufficient to support the trial court's finding of competency because Dr. Martin's conclusion was conditioned upon Jones taking his medication. However, R.C. 2945.37(A) specifically states that "the court shall not find a defendant incompetent to stand trial solely because * * * he is receiving or has received psychotropic drugs or other medication under medical supervision, even though without the drugs or medication the defendant might become incompetent to stand trial." Further, the defendant bears the burden of demonstrating that he is incompetent by a preponderance of the evidence. See R.C. 2945.37(A); Williams at 19. Jones failed to satisfy this burden because he did not introduce any evidence that challenged or rebutted Dr. Martin's finding of competency.[1] Therefore, since Dr. Martin's report provided credible evidence of competency and Jones failed to produce any evidence to the contrary, the trial court did not err by finding that Jones was competent to stand trial. See State v. Goings (Mar. 31, 1997), Lucas App. No. L-96-164, unreported. Accordingly, Jones' first assignment of error is overruled.
In his second assignment of error, Jones contends that the trial court's sentence was based on mistaken assumptions of fact. In particular, Jones asserts that the record does not contain any evidence which supports the trial court's statement at sentencing that Jones "voluntarily put himself in this position" by "drinking alcohol and either taking or not taking the medication." Therefore, Jones argues that the trial court's sentence was an abuse of discretion because it was not supported by facts in the record.
Sentencing is within the discretion of the trial court and will not be disturbed absent an abuse of discretion. State v. Lazada (1995), 107 Ohio App.3d 189, 193; Columbus v. Jones (1987), 39 Ohio App.3d 87, 88. R.C. 2929.12 sets forth statutory criteria that a trial court must use as a guide in exercising sentencing discretion for a felony.[2] State v. Bruce (1994),95 Ohio App.3d 169, 172. When a sentence is within the statutory limit, it generally will not be disturbed on appeal and a reviewing court will presume that the trial court considered the factors set forth in R.C. 2929.12. Bruce at 172-173. See, also, State v. Adams (1988), 37 Ohio St.3d 295, 297-298.
The trial court sentenced Jones to a minimum of five and a maximum of fifteen years of imprisonment. At the time of Jones' offense, attempted rape was an aggravated felony of the second degree pursuant to R.C. 2907.02(B) and 2923.02(E). R.C.2929.11(B)(2)(a) provided that aggravated felonies of the second degree were punishable by a minimum term of three, four, five, six, seven, or eight years and a maximum term of fifteen years. Thus, the trial court's sentence was within the statutory limits of R.C. 2929.11.
A review of the record reveals that the trial court's sentence was not an abuse of discretion. Although the trial court commented on Jones' problems with alcohol, Jones has not shown that his sentence was solely based upon this consideration. Likewise, Jones has not offered any evidence to rebut the presumption that the trial court considered the statutory criteria in R.C. 2929.12. In fact, the record shows that the trial court cited the physical and psychological injury to the victim of the offense as a factor supporting the sentence. See R.C. 2929.12(B)(3). Moreover, contrary to Jones' assertion, Jones' problems with alcohol and medication were a proper consideration for sentencing.
The competency report and the presentence investigation indicated that Jones had a long history of alcohol and drug abuse. On the night of the offense, Jones was drinking at a bar until it closed at 2:30 a.m., and Jones testified that he could have consumed up to ten drinks at the bar. Jones also testified that he took lithium and perphenazine and acknowledged that there is a "limit" to the amount of alcohol that he can consume with his medication. At the sentencing hearing, Jones' trial counsel stated that Jones was on several types of medication and indicated that Jones was not able to function and get along with others when he did not take his medication. Jones' trial counsel also acknowledged that Jones was drunk on the evening of the offense and had an alcohol problem. Finally, Jones' counsel stated that Jones' medication was not "consistent" with alcohol consumption.
Based upon the foregoing, we find that the record clearly supports the trial court's statement that Jones "voluntarily put himself in this position" by "drinking alcohol and either taking his medication or not taking his medication." Further, the trial court's statement was a proper consideration for sentencing pursuant to R.C. 2929.12 because it was relevant to the risk that Jones would commit another crime, the nature and circumstances of the attempted rape, and Jones' history, character, and condition.[3] Accordingly, since Jones has not shown that the trial court's sentence was an abuse of discretion, his second assignment of error is overruled.
In his third assignment of error, Jones contends that the record fails to demonstrate that his waiver of a jury trial was knowing, intelligent, and voluntary. Pursuant to the Sixth andFourteenth Amendments to the United States Constitution and Section 5, Article I, of the Ohio Constitution, a criminal defendant has a right to a jury trial. In order to be valid, a defendant's waiver of his right to a trial by jury must be knowing, intelligent, and voluntary. Baldwin v. New York (1970), 399 U.S. 66,90 S.Ct. 1886; Duncan v. Louisiana (1968), 391 U.S. 145, 88 S.Ct. 1444.
In Ohio, the procedures for a jury waiver are set forth in R.C. 2945.05[4] and Crim.R. 23(A).[5] "The Criminal Rules and the Revised Code are satisfied by a written waiver, signed by the defendant, filed with the court, and made in open court, after arraignment, and opportunity to consult with counsel." State v. Jells (1990), 53 Ohio St.3d 22, 25-26. Generally, "there is no requirement for a trial court to interrogate a defendant in order to determine whether he or she is fully apprised of the right to a jury trial." See Jells at paragraph one of the syllabus. However, a careful inquiry as to whether a defendant was making a knowing, intelligent, and voluntary waiver has been required where a trial court had notice that the defendant was illiterate and had a history of mental illness and mental challenges. State v. Haight (1994), 98 Ohio App.3d 639,664-665.
A review of the record reveals that Jones executed a written waiver that complied with all the requirements of R.C. 2945.05
and Crim.R. 23(A). Further, prior to the execution of the written waiver, the trial court explained the implications of a waiver and questioned Jones extensively to determine that he was making a knowing, intelligent, and voluntary waiver. The trial court informed Jones that he had a right to trial by a jury of twelve individuals and that a jury verdict must be unanimous. In addition, the trial court asked Jones if he had been promised anything in return for waiving his right to a jury trial. On several occasions, the trial court specifically asked Jones whether he understood his right to a trial by a jury and whether he was willing to give up this right. Jones responded that he understood his right to a trial by jury and wished to waive it. Based upon the foregoing, we conclude that Jones made a knowing, intelligent, and voluntary waiver of his right to a trial by jury. Jones' third assignment of error is overruled.
In his fourth assignment of error, Jones contends that he received ineffective assistance of counsel. In order to establish a claim of ineffective assistance of counsel, it must be shown that an attorney's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064. In order to establish deficient performance, it must be shown that, under the totality of the circumstances, counsel's representation fell below an objective standard of reasonableness. Id. at 688,104 S.Ct. at 2064. A court "must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Id. at 694, 104 S.Ct. at 2065. In order to establish prejudice, it must be shown that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694, 104 S.Ct. at 2068. A reasonable probability is "a probability sufficient to undermine confidence in the outcome" of the proceeding. Id.
Jones claims that his trial counsel was ineffective for failing to object to the trial court's finding of competency, failing to object and correct the court's mistaken assumptions of fact at the sentencing hearing, and failing to request an inquiry on the record to determine whether Jones was properly receiving his medication. As discussed with respect to Jones' first assignment of error, the trial court's finding of competency was supported by Dr. Martin's competency report, and Jones has not produced any evidence of incompetence. Further, as discussed with respect to Jones' second assignment of error, Jones' sentence was not improperly based upon mistaken assumptions of fact. Finally, Jones' testimony at trial indicates that he was properly receiving his medication, and Jones has not cited any portions of the record that suggest otherwise.
Since the record is devoid of any evidence that would support the actions that Jones contends his trial counsel should have taken, counsel's assistance was not unreasonable, ineffective, or prejudicial. See State v. Lott (1990), 51 Ohio St.3d 160, 175; State v. Hines (July 3, 1995), Butler App. No. CA94-09-182, unreported. Accordingly, Jones has failed to show ineffective assistance of counsel and his fourth assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and KOEHLER, J., concur.
[1] In support of his argument, Jones cites his behavior during trial. However, this evidence was not before the trial judge when the competency determination was made. See Berry,72 Ohio St.3d at 362. Moreover, Jones' testimony and behavior at trial is not indicative of incompetence. Jones testified that he was taking his medication and his testimony indicates that he understood the nature and objective of the proceedings against him and was capable of assisting in his defense.
[2] The provisions in the Ohio Revised Code relating to felony sentencing were amended by Am.Sub.S.B. 2 ("Senate Bill 2"). However, since Senate Bill 2 only applies to offenses committed after July 1, 1996, our citations refer to the former provisions that were in effect at the time Jones committed his offense.
[3] R.C. 2929.12(A) provides as follows:
 In determining the minimum term of imprisonment to be imposed for a felony for which an indefinite term of imprisonment is imposed, the court shall consider the risks that the offender will commit another crime * * *; the nature and circumstances of the offense; and the history, character, and condition of the offender.
[4] R.C. 2945.05 provides:
 In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waive r by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: "I . . ., defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury."
 Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.
[5] Crim.R. 23(A) provides:
 Trial by jury. In serious offense cases the defendant before commencement of the trial may knowingly, intelligently and voluntarily waive in writing his right to trial by jury. Such waiver may also be made during trial with the approval of the court and the consent of the prosecuting attorney.