OPINION
This timely appeal arises from Appellant's conviction and sentencing for a single count of felonious assault in violation of R.C. 2903.11(A)(1)(B). Appellant argues that the trial court abused its discretion in sentencing him to the maximum allowable indeterminate prison term. For the following reasons, this Court affirms the judgment of the trial court.
On February 9, 1996, Appellant was indicted by the Mahoning County Grand Jury for two counts of aggravated arson in violation of R.C. § 2909.02(A)(1)(B) and R.C. § 2909.02(A)(2)(B), one count of assault on a police officer in violation of R.C. §2903.13(A)(C)(3), and one count of possessing a dangerous ordnance in violation of R.C. § 2923.13. Appellant entered a plea of not guilty and trial was set for April 15, 1996. On May 6, 1996, Appellant withdrew his not guilty plea and entered a plea of not guilty by reason of insanity. (Docket at p. 23).
The trial court held a competency hearing on January 31, 1997, and after considering the reports and evaluations submitted by the NorthCoast Behavioral Health Care Facility, held that Appellant was competent to stand trial. (Judgment Entry, February 20, 1997). On May 9, 1997, pursuant to a Crim.R. 11(F) agreement, the trial court amended the count of aggravated arson in violation of R.C. § 2909.02(A)(1)(B) to a single count of felonious assault to which Appellant pled guilty. The trial court then dismissed the remaining counts of the indictment. (Judgment Entry, May 9, 1997). On June 26, 1997, a sentencing hearing was held, the transcript of which is made a part of the record before us. At this hearing, two victims, Appellant and his counsel made statements to the court. Pursuant to the Civ.R. 11(F) agreement, the prosecution remained silent as to a sentencing recommendation. At the conclusion of the hearing, the trial court sentenced Appellant to an indeterminate prison term of eight to fifteen years. It is from this sentence that the current appeal arises.
In his sole assignment of error, Appellant argues that:
 "THE COURT BELOW ERRED IN SENTENCING THE DEFENDANT TO THE MAXIMUM SENTENCE FOR THE MINIMUM TERM OF IMPRISONMENT WHEN NONE OF THE STATUTORY FACTORS SET OUT IN R.C. 2929.12 IN FAVOR OF A MAXIMUM MINIMUM SENTENCE WERE PRESENT."
Appellant contends that the trial court did not take into account or consider any of the statutory factors codified in R.C. § 2929.12(B) when it imposed the maximum term of imprisonment permitted for the crime to which Appellant pled guilty. This statute provides as follows:
 "The following do not control the court's discretion, but shall be considered in favor of imposing a longer term of imprisonment for a felony for which an indefinite term of imprisonment is imposed:
 "(1) The offender is a repeat or dangerous offender.
 "(2) Regardless of whether the offender knew the age of the victim, the victim of the offense was sixty-five years of age or older, permanently and totally disabled, or less than eighteen years of age at the time of commission of the offense.
 "(3) The victim of the offense has suffered severe social, psychological, physical, or economic injury as a result of the offense."
R.C. § 2929.12(B)(1),(2), and (3).
Appellant contends that the trial court did not make a specific finding on the record that any of these factors had been considered and failed to explain its reasoning when it imposed the maximum allowable term of incarceration
It is well established in Ohio that a sentence will not be disturbed upon review where it falls within the confines of a valid statute. State v. Bruce (1994), 95 Ohio App.3d 169, 172. This is so because sentencing is within the sound discretion of the trial court. Id.; State v. Piergiovanni (Oct. 20, 1998), Mahoning App. No. 97 C.A. 14, unreported. As such, this Court will not reverse the sentence imposed by a trial court absent an abuse of discretion. State v. Lazada (1995), 107 Ohio App.3d 189,193. An abuse of discretion involves action by the trial court which that may only be described as arbitrary, unconscionable, or unreasonable. State v. Kennan (1988), 81 Ohio St.3d 133, 137, citing to State v. Adams (1980), 62 Ohio St.2d 151, 157.
Our independent review of the record fails to disclose an abuse of discretion by the trial court. While it is true that R.C. §2929.12 provides factors that must be considered when sentencing a defendant to an indeterminate prison term, the very first sentence of R.C. § 2929.12(B) makes clear that these factors do not absolutely control the court's discretion. Moreover, R.C. §2929.12(D) provides that those factors do not serve to limit the matters that the trial court may consider when imposing a prison term.
At the sentencing hearing, two of Appellant's victims, Mr. Preston and Mr. Goddard, testified that Appellant had created a public safety hazard in their neighborhood. (Transcript, pp. 4-8). Mr. Preston testified that Appellant's behavior had a very disturbing effect on Mr. Preston's five year old son. He further testified that:
 "[M]y son . . . is afraid to go in certain parts of the house when the window blinds are down. And when I asked him why he thinks that, he says that [Appellant] is outside in the woods. The man that taunted me is in the back of the woods saying he was going to kill me, do damage to things. He said them in front of my son. He said them in front of other children in the neighborhood. He tormented the older people in the neighborhood to the point where they wouldn't come out of their houses and walk down the street."
(Transcript, p. 5).
At the sentencing hearing, the trial court made it clear that this testimony, which addresses issues reflected in the R.C. §2929.12 factors, played a significant role in Appellant's sentencing. (Transcript, p. 25). Furthermore, the trial court specifically stated that it had considered the matters set forth in R.C. § 2929.12. (Judgment Entry, July 8, 1997)
Appellant, however, contends that the trial court never identified on the record which factors it had considered and that the record is silent as to the reasoning used to arrive at the sentence that it ultimately imposed. This contention demonstrates Appellant's fundamental misunderstanding of the mandates of R.C. § 2929.12.
As the Ohio Supreme Court noted, there is, "nothing in the statute or the decisions of this court [which] imposes any duty on the trial court to set forth its reasoning." State v. Cyrus
(1992), 63 Ohio St.3d 164, 166. Indeed, while the record in this case is far from silent on the matter, a silent record carries with it a presumption that a trial court considered the factors contained in R.C. § 2929.12. Id.; State v. Adams (1988), 37 Ohio St.3d 295; Piergiovanni, supra. Appellant has failed to present any evidence to overcome this presumption, and thereby, has failed to demonstrate that the trial court's decision was arbitrary, unconscionable, or unreasonable.
As we find no evidence that the trial court abused its discretion in sentencing Appellant to the maximum prison term authorized by law, this Court will not disturb that sentence. Accordingly, Appellant's sole assignment of error is overruled and the judgment of the trial court is hereby affirmed.
Vukovich, J., concurs.
Cox, P.J., concurs in judgment only; see concurring opinion.
APPROVED:
 ________________________________ CHERYL L. WAITE, JUDGE