On April 8, 1998, the grand jury returned a seven-count indictment against defendant-appellant Pedro Ayala ("appellant") and his co-defendant, Luis Flores. The state charged appellant with three counts of possession of drugs in violation of R.C.2925.11, one count of corrupting another with drugs in violation of R.C. 2925.02, one count of trafficking in heroin in violation of R.C. 2925.03 with a schoolyard specification, and two counts of possession of criminal tools in violation of R.C. 2923.24. At his arraignment on April 13, 1998, appellant entered a plea of not guilty to the charges set forth in the indictment.
Count one of the indictment initially stated that appellant "did knowingly obtain, possess or use a controlled substance, to-wit: Heroin, a Schedule I drug, in an amount exceeding fifty grams but not exceeding two hundred fifty grams." On the recommendation of the prosecutor, count one was amended to the possession of "over 10 grams up to 50 grams" of heroin. Appellant retracted his former plea of not guilty and entered a plea of guilty to possession of drugs in violation of 2925.11 as amended in count one of the indictment. On the recommendation of the prosecutor, the remaining charges against appellant were dismissed.
The trial court conducted a sentencing hearing on August 10, 1998. In a journal entry filed on August 13, 1998, the trial court imposed the maximum prison term of eight years upon appellant. On September 11, 1998, appellant filed the instant appeal. Appellant assigns the following error for our review:
 PEDRO AYALA HAS BEEN DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW BY THE MAXIMUM SENTENCE IMPOSED IN THE CASE AT BAR, BECAUSE IT DID NOT COMPORT WITH OHIO'S NEW SENTENCING SCHEME.
In his sole assignment of error, appellant challenges his maximum prison sentence of eight years under the sentencing guidelines of Senate Bill 2. Appellant first argues that the trial court failed to give adequate reasons for imposing the maximum sentence pursuant to R.C. 2929.19 (B). R.C. 2929.19 (B) states:
 (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term;
* * *
The trial court satisfied R.C. 2929.19 (B) (2) at the sentencing hearing by stating its reasons for imposing the maximum sentence:
 THE COURT: * * * I mean, you've been out there once, and you're one of the biggest drug dealers. And from what I understand from reading your probation report, you've been using crack cocaine daily. And you haven't sought any treatment for yourself ever.
THE DEFENDANT: I was doing cocaine, your Honor.
 THE COURT: Yes, daily. You had admitted that in your Investigative Report. So, I'm sure you're out there selling heroin, putting heroin in the community to support your own crack habit. We can't have people like you out on the streets, infecting everyone else that are out there trying to be good citizens. And as far as I'm concerned, you got your big break with the plea bargain. You would have been facing a lot more time than you are facing today, had you gone to trial and been found guilty. So, I can't really see that you deserve any type of mercy. You got your mercy in the plea bargain. You are facing four counts of a lot of jail time. And you are still denying you're involvement with the drug dealing today.
THE DEFENDANT: No, I didn't say that, your Honor.
 THE COURT: Your attorney said that. And you're not admitting that you're involved in drug dealers at all.
 MR. DRUCKER: Your Honor, I readily admit that he is a drug dealer. What I was denying is what Detective Escalante was saying, that he is recognized as a major dealer.
 THE COURT: Well, it sounds to me like he is a major dealer out there.
THE DEFENDANT: No, your Honor I am not.
 THE COURT: Okay. At this time, I'm going to give you the maximum sentence of eight years in the Lorain Correctional Institution. I am going to impose a mandatory fine of seventy-five hundred dollars. I will give you credit for your time served. Sheriff will calculate.
* * *
Appellant maintains that the trial judge abused her discretion because she based his sentence upon the accusation that appellant was a heroin dealer, charges that were nolled and dismissed under the plea agreement. See State v. Wells (Mar. 11, 1999), Cuyahoga App. No. 73977, unreported ("Courts have held that, when imposing sentence for a conviction on a lesser included offense, the trial court should not consider the higher offense for which the defendant was not convicted."); State v. Patterson (1996),110 Ohio App.3d 264, 270-271 ("[I]t was error for the trial court to impose a more severe sentence because of the trial court's belief that the jury was mistaken in finding the defendant not guilty of another offense.")
However, "[t]he Ohio Supreme Court has expressly recognized that a sentencing court may consider the existence of other charges prior to sentencing even if defendant has been acquitted on those charges * * *." State v. Jackson (Sept. 22, 1994), Cuyahoga App. No. 65566, unreported, citing State v. Wiles
(1991), 59 Ohio St.3d 71, 78. See also United States v. Donelson (C.A.D.C. 1982), 695 F.2d 583, 590 ("It is well established that a sentencing judge may take into account facts introduced at trial relating to other charges, even ones of which the defendant has been acquitted.") Cf. United States v. Watts (1997),519 U.S. 148 (It is proper to consider the underlying facts of a charge of which the defendant was acquitted in determining the sentence for the convicted offense.)
In the instant case, appellant entered a plea of guilty to one count of possession of heroin; the remaining counts of the indictment, including the charge of trafficking, were dismissed as part of a plea agreement. The possession charge and the accusation of trafficking shared a commonality of facts. We find that the trial court did not abuse its discretion in considering these common facts during the sentencing hearing.
Appellant also claims that he was entitled to the shortest prison term authorized for the offense of possession (two years) because the trial court did not find on the record that the shortest prison term would demean the seriousness of the offense or would not adequately protect the public from future crime. R.C. 2929.14 (B). In addition, appellant notes that the trial court failed to make the finding required to support a maximum sentence under R.C. 2929.14 (C). R.C. 2929.14 provides in part:
 (B) Except as provided in division (C), (D) (2), (D) (3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 (C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D) (3) of this section, and upon certain repeat violent offenders in accordance with division (D) (2) of this section. (Emphasis added.)
Appellant was sentenced pursuant to Ohio's new sentencing statutes, which are commonly referred to as "Senate Bill 2." Prior to the enactment of Senate Bill 2, a silent record was presumed by appellate courts to support the trial court's sentence. See State v. Lazada (1995), 107 Ohio App.3d 189, 193. However, for purposes of appellate review, R.C. 2953.08 (G) (1) now requires the record to affirmatively support the trial court's sentence. While the court need not use the exact language of the statute, it must be clear from the record that the trial court made the required findings. State v. Stribling (Dec. 10, 1998), Cuyahoga App. No. 74715, unreported.
Drug offenses under R.C. Chapter 2925 are expressly excluded from the requirements of R.C. 2929.14. See 2929.14 (B) and (C) ("Except as provided * * * in Chapter 2925. of the Revised Code") See also State v. Lewis (Jan. 21, 1999), Cuyahoga App. No. 74924, unreported. In Lewis, this court noted:
 As the State points out, defendant pled guilty to a violation of R.C. 2925.11, which is contained in R.C. Chap. 2925. The plain language of the above quoted section specifically excludes Chapter 2925 convictions from its "shortest prison term" requirements. Therefore, defendant is not entitled to the shortest prison term as set forth in R.C. 2929.14
(B).
We note that the sentencing guidelines are applied differently to drug offenses than to other crimes. See, e.g., R.C. 2929.13
(D) (For felony drug offenses, "it is presumed that a prison term is necessary in order to comply with the principles of sentencing under section 2929.11 of the Revised Code."). With this distinction in mind, we find that the trial court satisfied the requirements of R.C. Chapter 2929 and, therefore, did not abuse its discretion in imposing the maximum sentence upon appellant.
Appellant's assignment of error is overruled. The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
The Defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J. and
KENNETH A. ROCCO. J. CONCUR.
 ______________________ LEO M. SPELLACY JUDGE