[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
{¶ 2} The first assignment of error, which alleges that the trial court erred in imposing the maximum sentences on defendant-appellant Thomas McIntosh, and the sixth assignment of error, which alleges that the trial court erred in sentencing McIntosh to more than the minimum sentences, are overruled because R.C. 2925.03(C)(3)(f) and 2925.11(C)(3)(f) mandate that the maximum sentence for a felony of the second degree, eight years' incarceration, be imposed for trafficking in marijuana in excess of 20,000 grams and for possessing marijuana in excess of 20,000 grams. See State v. McCoy (Nov. 9, 2001), 1st Dist. Nos. C-000659 and C-000660.
{¶ 3} The second assignment of error, alleging that the trial court erred in ordering McIntosh to serve his sentences consecutively, is overruled. The trial court made the requisite findings pursuant to R.C.2929.14(E)(4) for the imposition of consecutive sentences and gave reasons for those findings as required by R.C. 2929.19(B)(2)(c). SeeState v. Riley, 1st Dist. No. C-010221, 2001-Ohio-4029. In imposing consecutive sentences, the trial court noted that over a significant period of time McIntosh had been the "money man" and a "major player" in a complex and high-level drug-trafficking ring. The court also stated that it saw no disparity between McIntosh's sentences and those imposed on his co-defendants, because the co-defendants "were in a far different position from [McIntosh], from what they were charged with, what they [pleaded] to, what their actions were before, during, and after the trial, and their willingness to accept responsibility for their illegal activities and actions." (T.p. 39-42.) We hold that the record supports the trial court's imposition of consecutive sentences.
{¶ 4} The third assignment of error, which alleges that the sentences imposed upon McIntosh constituted cruel and unusual punishment, is overruled. "The mandate for consistency in sentencing under R.C. 2929.11(B) does not require that identical sentences be imposed for co-defendants." State v. Rowland (May 11, 2001), 1st Dist. No. C-000592. McIntosh's sentences did not give rise to an inference of gross disproportionality. See State v. Lazada (1995), 107 Ohio App.3d 189,667 N.E.2d 1292. The sentences were not so greatly disproportionate to the offenses as to shock the sense of justice of the community. See Statev. Weitbrecht, 86 Ohio St.3d 368, 1999-Ohio-113, 715 N.E.2d 167; Statev. Chaffin (1972), 30 Ohio St.2d 13, 282 N.E.2d 46; State v. Barnes
(1999), 136 Ohio App.3d 430, 736 N.E.2d 958.
{¶ 5} The fourth assignment of error is overruled. Since the jury, and not the court, determined McIntosh's guilt and he was not exposed to a greater punishment than that authorized by the jury's verdict, there was no violation of Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348. See State v. Elkins, 148 Ohio App.3d 370,2002-Ohio-2914, 773 N.E.2d 593; State v. McCoy, supra.
 The fifth assignment of error is overruled on the authority of State v. McIntosh (2001), 145 Ohio App.3d 567, 763 N.E.2d 704.
Therefore, the judgment of the trial court is affirmed.
{¶ 6} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Sundermann, JJ.