THE STATE OF OHIO, APPELLEE, *v.* WOLPE, APPELLANT.

[Cite as State *v.* Wolpe (1984), 11 Ohio St. 3d 50.]

(No. 83-1267—Decided May 23, 1984.)

*Mr. David Lighttiser,* prosecuting attorney, *Mr. Robert L. Becker* and *Mr. Alan C. Travis,* for appellee.

*Mr. Russell A. Steiner* and *Mr. Robert L. Lane,* for appellant.

*Per Curiam.* The issue presented in the instant case is whether the state has the burden of separating from a quantity of a substance alleged to be marihuana the material statutorily excluded from the definition of "marihuana." R.C. 3719.01 sets forth the definition of "marihuana" as follows[2]:

"(Q) 'Marijuana' means all parts of any plant of the genus cannabis, whether growing or not, the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds or resin. It does not include the mature stalks of the plant, fiber produced from the stalks, oils or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks, except the resin extracted therefrom, fiber, oil or cake, or the sterilized seed of the plant which is incapable of germination."

In *State* v. *Yanowitz* (1980), 67 Ohio App. 2d 141 [21 O.O.3d 445], the appellate court held that the state, consistent with its constitutional burden of proving each element of the offense beyond a reasonable doubt, must establish that the marihuana upon which to base a conviction is not excluded from the definition of "marihuana" under R.C. 3719.01(Q). Thus, it was incumbent upon the state to show that a quantity of seeds found in the accused's possession was sterilized and incapable of germination and therefore not contraband. The *Yanowitz* decision is representative of the decisions conflicting with the decision below.

The state advances a construction of R.C. 3719.01(Q) that would permit a mixture of excluded and non-excluded parts of the marihuana plant to be weighed in order to determine the weight of the marihuana for purposes of a criminal prosecution. Appellant proposes a construction that would require the state to separate all the excluded material from a quantity of marihuana prior to its being weighed to determine its amount in a criminal case. For the following reasons, we agree with and adopt the state's construction.

R.C. 3719.01(Q) defines "marihuana" as "all parts of *any* plant of the

---

[2] R.C. 2925.01(A) incorporates the definition of marihuana as set forth in R.C. 3719.01 for purposes of R.C. Chapter 2925.

genus cannabis, whether growing or not." (Emphasis added.) The statutory definition excludes, generally, the mature stalks, sterilized seeds, and the by-products thereof. The obvious intent of the General Assembly in enacting the exclusion to the definition of "marihuana" in R.C. 3719.01(Q) was to recognize that the mature stalks, sterilized seeds, and by-products thereof have either legitimate, lawful uses or no unlawful use and thus should not be deemed contraband. By structuring R.C. 3719.01(Q) as it did, we conclude that the General Assembly additionally intended that, in order for certain parts of the marihuana plant to be excluded from the statutory definition, those parts must already have been separated from the non-excluded portions of the plant. This is true because *all* parts of the marihuana plant, according to the first sentence of R.C. 3719.01(Q), are considered to be marihuana. This necessarily includes mature stalks and sterilized seeds. It follows that the exclusion described in the second sentence of R.C. 3719.01(Q) applies only where the substance is found to consist *solely* of mature stalks, sterilized seeds, or otherwise excluded material.

As a consequence, the state has no burden to separate any statutorily excluded portions of the plant from the quantity of marihuana seized from appellant. The state produced the testimony of Detective William Hatfield of the Newark Police Department who testified that he conducted a microscopic examination of the substance seized from appellant in addition to performing a chemical test on a sampling of the substance. It was this witness' opinion, unchallenged by appellant, that the substance was marihuana.

Appellant's counsel cross-examined Hatfield and focused on Hatfield's failure to separate the mature stalks and sterilized seeds, if any, from the gross amount of the quantity seized from appellant. At no time did appellant suggest that the quantity seized from him consisted solely of excluded material. In our view, the state amply satisfied its burden of establishing that the substance was "marihuana" as defined by R.C. 3719.01(Q).

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.