THE STATE OF OHIO, APPELLANT, *v.* DAVIS, APPELLEE.

[Cite as State *v.* Davis (1985), 16 Ohio St. 3d 34.]

(No. 84-62—Decided April 10, 1985.)

*Mr. Glenn S. Hamilton,* for appellant.
*Mr. Lewis H. Davis, pro se.*

*Per Curiam.*

I

In *State* v. *Wolpe* (1984), 11 Ohio St. 3d 50, 52, this court determined that the state has no burden to separate any portion of the marijuana plant when determining weight for purposes of statutory drug offenses. *Wolpe* is dispositive of the issue certified to this court for review. We must therefore reverse the determination of the court of appeals on this issue, since the state properly determined the weight of the marijuana in the possession of appellee.

## II

The second issue presented is whether the affirmative defense of personal use, as set forth in R.C. 2925.03(F), may be asserted by a defendant charged with possession of three times the bulk amount of marijuana. We find that the defense may not be asserted by such a defendant, and thus reverse on this issue as well.

R.C. 2925.03(F) reads as follows:

"It shall be an affirmative defense as provided in section 2901.05 of the Revised Code, to a charge under this section for possession in *bulk amount* of a controlled substance or for cultivating marihuana that the substance which gave rise to the charge is in such amount, in such form, or is prepared, compounded, or mixed with substances which are not controlled substances in such a manner, or is possessed or cultivated in any other circumstances whatsoever as to indicate that the substance was solely for personal use." (Emphasis added.)

Thus, if the defense of personal use is proven, the defendant cannot be found guilty under R.C. 2925.03.

R.C. 2925.03(F) specifically refers to possession of a *bulk amount* of a controlled substance; nowhere in the statute is there any reference to possession of three times the bulk amount. "When the wording of a statute is clear and unambiguous on its face, judicial interpretation is not required; rather, the court must give effect to the words used. * * *" *Dougherty* v. *Torrence* (1982), 2 Ohio St. 3d 69, 70. "'* * * In ascertaining the legislative intent of a statute, 'It is the duty of this court to give effect to the *words used* [in a statute], not to delete words used or to insert words not used.' (Emphasis added.)" *Bernardini* v. *Bd. of Edn.* (1979), 58 Ohio St. 2d 1, 4 [12 O.O.3d 1].

Nevertheless, the court of appeals herein concluded that the General Assembly did not intend to restrict the availability of the personal use defense to the exclusion of those charged with three times bulk possession offenses. R.C. 2925.01(E)(3) is cited, which defines "bulk amount" as: "An amount equal to *or exceeding* two hundred grams of marihuana * * *." (Emphasis added.)

By defining bulk amount in the disjunctive, this reasoning holds, the legislature did not mean for bulk amount to be a static figure. Thus, it is argued, "bulk amount" as used in R.C. 2925.03(F) means *any* amount over two hundred grams.

This reasoning has no merit. The General Assembly has specifically created a distinction between bulk amount and three times the bulk amount. R.C. 2925.03(A)(4) and (A)(6). Its use of the term "bulk amount" in R.C. 2925.03(F) refers back to the definition set forth in R.C. 2925.01(E)(3). Had it been otherwise, R.C. 2925.03(F) would have read in pertinent part:

"* * * [The defense may be asserted by those charged] under this section for possessing a bulk amount [*or any greater amount*] of a controlled substance * * *." (Emphasis and bracketed material added.)

The statute does not include the words "or greater," however. By not

permitting those charged with possession of three times the bulk amount to assert the personal use defense, the legislature has created a presumption that such possession cannot be for personal use. In the instant case, this presumption is reasonable, in view of the fact that three times the bulk amount of marijuana is six hundred grams or greater. The legislature is entitled to prohibit those charged with possession of six hundred grams or greater from using the defense. R.C. 2925.03 is aimed at the prevention of trafficking in controlled substances; it is reasonable to presume that possession of six hundred grams or greater of marijuana will lead to eventual trafficking.

In that the defense set forth in R.C. 2925.03(F) is clear on its face as not available to persons charged with possession of three times the bulk amount of a controlled substance, we reverse on the second issue as well.

For the reasons stated above, the judgment of the court of appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C.J., LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

SWEENEY, J., dissents in part.

SWEENEY, J., dissenting in part. Because I believe that the *per curiam* opinion has totally misconstrued the manifest intent of the General Assembly, and has created an impermissible and unconstitutional conclusive presumption of guilt in removing the availability of the personal use defense provided for in R.C. 2925.03(F), I must vigorously dissent.

R.C. 2925.01, the definitional provisions for the entire chapter dealing with drug offenses, states in relevant part:

"*As used in this chapter:*

"* * *

"(E) 'Bulk amount' of a controlled substance means any of the following:

"* * *

"(3) An amount equal to *or exceeding* two hundred grams of marihuana, * * *." (Emphasis added.)

Given this precise language, it is clear that the General Assembly determined that a bulk amount of marijuana is not intended to be a set figure, but, rather, that it would encompass an amount weighing two hundred grams *or more*. It is also clear from the language in this statute that this definition is intended to apply to all marijuana offenses listed in R.C. Chapter 2925. With this in mind, the court of appeals below correctly reasoned that since R.C. 2925.03 is aimed primarily at dealers of controlled substances, the personal use defense set forth in subsection (F) should apply to any charge brought under this section.

While the majority opinion enunciates the proper test in determining

legislative intent, the majority contradicts its own reasoning, and has, in effect, deleted the words "or exceeding" from R.C. 2925.01(E)(3). Such an interpretation by this court runs contra to our prior pronouncement in *Bernardini* v. *Bd. of Edn.* (1979), 58 Ohio St. 2d 1, 4 [12 O.O.3d 1], a case which curiously, the majority claims it is following.

A careful review of the provision under which defendant stands accused, R.C. 2925.03(A)(6),[1] reveals that the phrase "three times the bulk amount" was instituted solely to refer to the enhanced felony and punitive provisions set forth in R.C. 2925.03(C)(5).[2]

The majority's restrictive and hypertechnical interpretation of these provisions effectively creates a conclusive presumption of drug trafficking for anyone charged with possession of marijuana in excess of two hundred grams, and precludes that person so accused from ever asserting or proving that such possession was merely for personal use.

The creation of conclusive presumptions has long been disfavored in American jurisprudence for the reason that such shortcuts to proof, *inter alia,* do violence to the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution. See *Heiner* v. *Donnan* (1932), 285 U.S. 312; *Leary* v. *United States* (1969), 395 U.S. 6; *Turner* v. *United States* (1970), 396 U.S. 398; *Cupp* v. *Naughten* (1973), 414 U.S. 141; and *Sandstrom* v. *Montana* (1979), 442 U.S. 510.

Nevertheless, perhaps the most compelling rationale for affirming the decision of the court of appeals is found in R.C. 2901.04(A), which requires that "[s]ections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." The *per curiam* opinion has completely ignored this legislative directive, and has instead done just the opposite. Such judicial inattentiveness totally undermines the intent of the drafters of the Criminal Code provisions, and should not be countenanced by this court.

In my view, an otherwise constitutional provision which was duly enacted by the legislative branch has been rendered unconstitutional under the majority's faulty and inconsistent interpretation.

Therefore, based upon the foregoing, I would affirm the unanimous decision of the court of appeals in remanding the cause for a new trial, in order to allow the defendant to proceed with his statutorily authorized affirmative defense as provided in R.C. 2925.03(F).

---

[1] This provision states that no person shall knowingly "[p]ossess a controlled substance in an amount equal to or exceeding three times the bulk amount."

[2] This subsection states: "Where the offender has violated division (A)(5) or (A)(6) of this section, aggravated trafficking is a felony of the second degree and the court shall impose a sentence of actual incarceration of three years and if the offender has previously been convicted of a felony drug abuse offense, aggravated trafficking is a felony of the first degree, and the court shall impose a sentence of actual incarceration of five years."