The STATE of Ohio, Appellee,

v.

JARRELLS, Appellant.

[Cite as *State v. Jarrells* (1991), 72 Ohio App.3d 730.]

Court of Appeals of Ohio,
Clark County.

No. 2697.

Decided Feb. 27, 1991.

*Richard P. Carey,* Assistant Prosecuting Attorney, for appellee.
*William N. Merrell,* for appellant.

FAIN, Presiding Judge.

Defendant-appellant William Jarrells appeals from his conviction and sentence for trafficking in marihuana. Jarrells contends that his conviction was against the weight of the evidence because the evidence established that when the portions of the four marihuana plants found in the trunk of his car that are excluded from the definition of marihuana pursuant to R.C. 3719.01(Q) are removed from consideration, the total weight was less than the two hundred grams required by the statute pursuant to which he was convicted.

We agree with the state, however, that, pursuant to *State v. Wolpe* (1984), 11 Ohio St.3d 50, 11 OBR 196, 463 N.E.2d 384, the parts of a marihuana plant that are potentially excludable from the statutory definition must be physically separated from the rest of the plant in order to be excluded from the calculation of the weight.

Jarrells also contends that his conviction and sentence violate the prohibition against cruel and unusual punishment contained in the Eighth Amendment to the United States Constitution, and Section 9, Article I of the Ohio Constitution. We agree with the state that the sentence imposed was not constitutionally cruel and unusual.

Accordingly, the judgment of the trial court will be affirmed.

## I

Jarrells was operating a vehicle in August 1989, when he was stopped and arrested pursuant to an outstanding warrant. Efforts to find someone to move the vehicle were unsuccessful, and it was decided to tow the vehicle. An inventory search was conducted prior to towing the vehicle. The search disclosed four marihuana plants in the trunk of Jarrells' car. These plants were weighed, and were found to total 242.98 grams in weight.

On the day of trial, at Jarrells' request, the four plants were weighed in three separate categories, with the following result:

| | | |
|---|---|---|
| Stems & Stalks | 113.80 | grams |
| Roots | 44.77 | grams |
| Balance | 77.92 | grams |
| TOTAL | 236.49 | grams |

There was testimony that the difference in the total weight from the original weighing was attributable to the drying of the vegetable material in the plants.

Jarrells was charged with trafficking in marihuana. Jarrells waived his right to a jury trial, and received a bench trial. He was found guilty and sentenced accordingly.

From his conviction and sentence, Jarrells appeals.

## II

Jarrells' first assignment of error is as follows:

"The conviction of trafficking in marihuana, a felony of the fourth degree, was contrary to law and the manifest weight of the evidence."

This assignment of error involves the weight of the evidence, both literally and figuratively.

Pursuant to R.C. 2925.01(E)(3), the bulk amount required for a trafficking-in-marihuana conviction is equal to or greater than two hundred grams. R.C. 2925.01(A) incorporates the definition of marihuana set forth in R.C. 3719.01, in which marihuana is defined as follows:

"(Q) 'Marijuana' means all parts of any plant of the genus cannabis, whether growing or not, the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds or resin. It does not include the mature stalks of the plant, fiber produced from the stalks, oils or cake made from the

seeds of the plant, any other compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks, except the resin extracted therefrom, fiber, oil or cake, or the sterilized seed of the plant which is incapable of germination."

Jarrells contends that when the weight of the stalks found in the trunk of his car is excluded, the total weight of the marihuana plants is less than the required two hundred grams.

This question was addressed in *State v. Wolpe* (1984), 11 Ohio St.3d 50, 51–52, 11 OBR 196, 198, 463 N.E.2d 384, 385, in which it was held that:

"R.C. 3719.01(Q) defines 'marihuana' as 'all parts of *any* plant of the genus cannabis, whether growing or not.' (Emphasis added.) The statutory definition excludes, generally, the mature stalks, sterilized seeds, and the by-products thereof. The obvious intent of the General Assembly in enacting the exclusion to the definition of 'marihuana' in R.C. 3719.01(Q) was to recognize that the mature stalks, sterilized seeds, and by-products thereof, have either legitimate, lawful uses or no unlawful uses and thus should not be deemed contraband. By structuring R.C. 3719.01(Q) as it did, we conclude that the General Assembly additionally intended that, in order for certain parts of the marihuana plant to be excluded from the statutory definition, those parts must already have been separated from the non-excluded portion. This is true because *all* parts of the marihuana plant, according to the first sentence of R.C. 3719.01(Q) are considered to be marihuana. This necessarily includes mature stalks and sterilized seeds. It follows that the exclusion described in the second sentence of R.C. 3719.01(Q) applies only where the substance is found to consist *solely* of mature stalks, sterilized seeds, or otherwise excluded material." (Emphasis *sic.*)

Jarrells contends that *State v. Wolpe* should be distinguished because in that case there was no evidence reflecting the portion of the marihuana seized that was excludable under the statute. We do not understand *Wolpe* to support this argument. We understand the holding in *Wolpe* to be that when those parts of a marihuana plant that would otherwise be excludable from the statutory definition are part of the plant while it is in the possession of the accused, they must be included in the total weight. If, and only if, the excludable parts are physically separated from the rest of the marihuana plant while they are in the possession of the accused, then they may be excluded from the total weight for purposes of the weight requirement.

Jarrells' first assignment of error is overruled.

## III

Jarrells' second assignment of error is as follows:

"Appellant's conviction and subsequent sentence violated his rights under the United States and Ohio Constitutions to be free from cruel and unusual punishment."

A punishment does not violate the constitutional prohibition against cruel and unusual punishment if it be not so greatly disproportionate to the offense as to shock the sense of justice of the community. *State v. Chaffin* (1972), 30 Ohio St.2d 13, 59 O.O.2d 51, 282 N.E.2d 46, paragraph three of the syllabus.

We are not prepared to say that either the punishment prescribed by the statute for trafficking in marihuana or the punishment actually imposed in this case (sixty days in the Clark County jail, a $500 fine and one year of probation) is "so greatly disproportionate to the offense as to shock the sense of justice of the community."

Jarrells' second assignment of error is overruled.

## IV

Both of Jarrells' assignments of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

WILSON and GRADY, JJ., concur.