OPINION
Appellant Robert Hunter appeals a judgment of the Licking County Common Pleas Court convicting him of possession of marijuana in violation of R.C. 2925.11:
 ASSIGNMENTS OF ERROR
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S REQUEST THAT THE EVIDENCE IN QUESTION BE RE-WEIGHED SO AS TO ONLY REFLECT THE "DRY" WEIGHT OF THE PLANTS RECOVERED.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S REQUEST THAT THE EVIDENCE IN QUESTION BE RE-WEIGHED SO AS TO ONLY REFLECT THE NARCOTIC PORTION OF THE PLANTS RECOVERED.
 THIRD ASSIGNMENT OF ERROR THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
On September 21, 1998, the Heath Police Department received information appellant was growing marijuana on his property. Detective Cortright of the Heath Police Department went to appellant's residence, where he observed the marijuana growing on the property in plain view. Police officers approached the residence and asked to speak to appellant. Appellant consented to the officers walking around the property, looking at the marijuana. Appellant directed the officers to the area where he was growing marijuana. The plants were recovered, and weighed a total of 1776 grams. Appellant was charged with possession of marijuana, as a felony of the third degree. The offense was charged as a felony based on the weight of the marijuana. Appellant entered a plea of not guilty to the charge of possession of marijuana. On January 12, 1999, appellant filed a motion in limine seeking to have the court re-weigh the marijuana to reflect only the narcotic portion of the plants, and to reflect the dry weight of the plants. Following an oral hearing, the court denied appellant's motion for re-weighing of the drug. Appellant changed his plea to no contest. He was convicted as charged, and sentenced to a period of community control sanctions. This court later granted appellant's motion to file a delayed appeal.
 I and II
Appellant filed a motion in limine, seeking to have the evidence re-weighed in its dried state, and reduced to only the narcotic portions of the marijuana plants. The court noted that appellant had the right to an independent examination and re-weighing of the evidence pursuant to R.C. 2925.51, and properly characterized the issue as whether an independent weighing of the drugs in the manner requested by appellant would be admissible into evidence. We agree that the motion was one seeking a ruling on the admissibility of a re-weighing of the plants, as well as the inadmissibility of the weight of the plants in their freshly harvested state. We first must consider whether appellant properly preserved these issues for review, as he entered a plea of no contest. The denial of a motion in limine does not preserve error for purposes of appeal, absent a proper objective at trial. State v. Brown (1988), 38 Ohio St.3d 305. Appellant has therefore waived the right to appeal the court's ruling on the motion in limine by his plea of no contest. Further, a plea of no contest constitutes an admission of the truth of the facts alleged in the indictment. E.g., State v. Redman (1992), 81 Ohio App.3d 821. In the instant case, these facts included possession of 1776 grams of marijuana. By admitting that he possessed marijuana in that amount, appellant has waived the right to challenge the manner in which the marijuana was weighed. The first and second assignments of error are overruled.
 III
Appellant argues that counsel was ineffective for failing to realize that a plea of no contest would not preserve the issues raised in Assignments I and II for appellate review. Counsel is not ineffective unless his performance fell below a reasonable standard of representation, and the defendant was prejudiced by such performance. Strickland v. Washington (1984), 466, 668; State v. Bradley (1989), 42 Ohio St.3d 136, cert denied, 497 U.S. 1011. To show prejudice, the defendant must show that had counsel not erred, there is a reasonable probability that the outcome of the proceeding would have been different. Id. Appellant cannot demonstrate that the result of the proceeding would have been different had he not waived the alleged error. R.C. 2719.01 (O) defines marijuana as, ". . . all parts of a plant the genus cannabis whether growing or not. . . ." This definition implies that freshly harvested marijuana falls within the definition, and the drugs do not need to be dried before weighing. Appellant also argued that the court should separate the usable and non-usable materials for purposes of weighing drugs, as only possession of the narcotic portion of the plant is a crime. In State v. Wolpe (1984), 11 Ohio St.3d 50, the Ohio Supreme Court found that unless the non-narcotic portion of the plant has already been separated from the narcotic portion of the plant, the entire plant should be included when weighing a recovered plant. Appellant concedes that this is the current state of the law in Ohio. The court's conclusion that the plant did not need to be separated before weighing is supported by Ohio law. Appellant has not demonstrated prejudice. The third assignment of error is overruled.
The judgment of the Licking County Common Pleas Court is affirmed.
By Gwin, J., Wise, P.J., and Hoffman, J., concur