{¶ 14} I must respectfully dissent from the majority's holding that sustains appellant's third assignment of error and modifies the restitution order. Although the majority's decision in appellant's third assignment of error may reflect previous holdings of this court on the issue, I write this dissent to explain my position regarding restitution and R.C. 2929.18(A)(1) for felony cases.
 {¶ 15} R.C. 2929.18(A)(1) states that the trial court may impose any financial sanction or combination of financial sanctions authorized under R.C. 2929.18 and those sanctions include, but are not limited to, restitution by the offender to the victim in an amount based on the victim's economic loss. "Economic loss" is defined in R.C. 2929.01(M) as "any economic detriment" suffered by a victim as a direct and proximate result of the commission of an offense.
 {¶ 16} R.C. 2929.18 does not mention and, therefore, does not limit restitution by the *Page 6 
value of the property or services that determined the level of the theft offense, and to do so interprets a restriction in determining restitution that is neither contained in nor authorized by the restitution statute. See State v. Davis (1985), 16 Ohio St.3d 34, 35
(when the wording of a statute is clear and unambiguous on its face, judicial interpretation is not required; rather, the court must give effect to the words used).
 {¶ 17} I would overrule appellant's third assignment of error and affirm the judgment without modification. *Page 1