[Cite as *State v. Gatewood*, 2013-Ohio-5573.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 99430 and 99431**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PAUL GATEWOOD

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED IN PART; REVERSED IN PART
AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-566517 and CR-565160

**BEFORE:** Jones, P.J., S. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** December 19, 2013

**ATTORNEY FOR APPELLANT**

Joseph W. Jasper, Jr.
614 West Superior Aveue
Suite 940
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Adam M. Chaloupka
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant Paul Gatewood challenges his conviction entered after his plea to two counts of burglary and his 16-year sentence on the charges that consisted of the maximum eight-year sentence on both charges, to be served consecutive to each other. We affirm the conviction, but reverse the sentence and remand the case for resentencing.

{¶2} In August 2012, Gatewood was indicted in Case No. CR-565160 with one count of burglary. The charge contained notice of prior conviction and repeat violent offender specifications.

{¶3} In September 2012, Gatewood was indicted in Case No. CR-566517 with one count each of burglary and theft. The burglary charge contained notice of prior conviction and repeat violent offender specifications. The cases proceeded together at the trial court level.

{¶4} After negotiations with the state, Gatewood pleaded guilty to two counts of burglary. The specifications and theft charge were dismissed.

{¶5} Prior to sentencing, Gatewood filed pro se motions to disqualify counsel and withdraw his guilty plea. The trial court addressed the motions at the sentencing hearing, and after affording Gatewood the opportunity to be heard, denied them. The court sentenced Gatewood to eight years on each count, and ordered them to be served consecutively, for a total 16-year sentence. The court ordered $200 restitution in Case No. CR-565160, and $225 restitution in Case No. CR-566517.

**{¶6}** Gatewood raises three assignments of error for our review:

[I.] The trial court imposed an excessive sentence that subjects him to cruel and unusual punishment in violation of the Ohio State Constitution Art.1, §9.

[II.] The trial court erred in failing to address the required statutory factors under R.C. 2929.14(E)(4) for consecutive sentences. In particular, the lower court failed to address the proportionality aspect of R.C. 2929.14(E)(4) and R.C. 2929.11(B).

[III.] That trial counsel provided ineffective assistance of counsel, in violation of the Sixth Amendment to the United States Constitution and Section I of the Ohio Constitution.

## Consecutive Sentences

**{¶7}** We first consider Gatewood's contention that the trial court did not make the required statutory findings in imposing consecutive sentences. The state contends that although it believes the record in this case supports the imposition of consecutive sentences, the trial court did not fully comply with the statutory requirements for the imposition of such sentences. We agree with the state and Gatewood that not all of the necessary findings for consecutive sentences were made. We therefore sustain the second assignment of error and remand for resentencing.

## Excessive Sentence

**{¶8}** Although we are remanded for resentencing, we nonetheless consider Gatewood's contention that the sentence imposed by the trial court was excessive.

**{¶9}** The Eighth Amendment to the United States Constitution states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The final clause prohibits not only barbaric punishments, but

also sentences that are disproportionate to the crime committed. *Solem v. Helm*, 103

S.Ct. 3001, 3006, 463 U.S. 277, 77 L.Ed.2d 637 (1983).

{¶10} In reviewing the constitutionality of a criminal sentence, this court stated the

following:

> * * * it is well established that sentences do not violate these constitutional
> provisions against cruel and unusual punishment unless the sentences are so
> grossly disproportionate to the offenses as to shock the sense of justice in
> the community. *State v. Chaffin* (1972), 30 Ohio St.2d 13, 59 Ohio Op.2d
> 51, 282 N.E.2d 46; *State v. Jarrells* (1991), 72 Ohio App.3d 730, 596
> N.E.2d 477.

*State v. Hamann*, 90 Ohio App.3d 654, 672, 630 N.E.2d 384 (8th Dist.1993).

{¶11} In *State v. Lazada*, 107 Ohio App.3d 189, 667 N.E.2d 1292 (8th Dist.1995),

this court set forth the following standard for considering a constitutional review of a

criminal sentence:

> The standard of review for determining the constitutionality of [a
> defendant's] sentence is plenary. Ohio courts have held a sentence does
> not violate the constitutional prohibition against cruel and unusual
> punishment if it is not so greatly disproportionate to the offense as to
> "shock the sense of justice of the community." *See State v. Chaffin*
> (1972), 30 Ohio St.2d 13 at 17, 282 N.E.2d 46. *See, also*, *State v.*
> *O'Shannon* (1988), 44 Ohio App.3d 197, 542 N.E.2d 693. Moreover, the
> Supreme Court of the United States has provided that "Reviewing courts, of
> course, should grant substantial deference to broad authority that
> legislatures necessarily possess in determining the types and limits of

punishments for crimes, as well as to the discretion that trial courts possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess sentencing convicted criminals." *Solem v. Helm* (1983), 463 U.S. 277, 290, 77 L.Ed. 2d 637, 103 S.Ct. 3001.

  In either case, the ultimate decision is whether the punishment, as a matter of law, violates the United States or the Ohio Constitution.

The Supreme Court concluded proportionality analysis "should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Id.* at 292. The court, however, noted that "* * * no one factor will be dispositive in a given case." *Id.* at 290 fn. 17.

In *Harmelin v. Michigan* (1991), 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836, a plurality of the Supreme Court focused the proportionality requirement set forth in *Solem* and eliminated the need for comparative proportionality analysis in every case. "The proper role for comparative analysis of sentences, then, is to validate an initial judgment that a sentence is grossly disproportionate to a crime." 111 S.Ct. at 2707. Therefore, where "* * * a comparison of [a defendant's] crime with his sentence does not give rise to an inference of gross disproportionality," a comparative analysis with other sentences need not be performed. See *Id.*

In comparing the crimes and punishment imposed in the case sub judice, this court gives substantial deference to the General Assembly's sentencing guidelines which demonstrate an intent to make punishment proportionate to the degree of crime.

*Lazada* at 191-192.

{¶12} In light of *Harmelin*, if a comparison of the "gravity of the offense and the harshness of the penalty" under the first element of *Solem* does not give rise to an inference of gross disportionality, then the "comparative analysis with other sentences," pursuant to the second and third elements of *Solem*, "need not be performed."

{¶13} The totality of Gatewood's argument in support of his cruel and unusual claim is as follows: "the imposition [of] two prison terms of the maximum penalty of 8 years each to be served consecutively, resulting in a total sentence of 16 years for the crimes he committed is greatly disproportionate and amounts to the imposition of cruel and unusual punishment for his crime." We disagree.

{¶14} The sentence for each of the burglaries fell within the permissible statutory range for burglary, a felony of the second degree. *See* R.C. 2929.14(A)(2). Further, the record before us demonstrates that the victims of Gatewood's crimes suffered a significant amount of fear because of his crimes.

{¶15} For example, the victims in Case No. CR-565160 were a mother and her nine year-old daughter. The burglary left the daughter traumatized to the point where she had difficulty sleeping alone. Case No. CR-566517 had three victims and they were likewise traumatized to the point where they were all frightened to participate in the proceedings and one had to move out of the burglarized house. Moreover, Gatewood has an extensive prior criminal history, which includes 14 felony convictions.

{¶16} On this record, the "gravity of the offense and the harshness of the penalty" under the first element of *Solem* does not give rise to an inference of gross disportionality

and we, therefore, overrule Gatewood's first assignment of error.

**Ineffective Assistance of Counsel**

{¶17} Gatewood's motions to withdraw his plea and disqualify his counsel were based on his claim that his counsel was ineffective and pressured him to take the state's plea deal. We find that the record does not support his claim.

{¶18} Crim.R. 32.1 permits a motion to withdraw a guilty plea "only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶19} A guilty plea waives all appealable orders including the right to assert an ineffective assistance of counsel claim except to the extent the defects complained of caused the plea to be less than knowing, intelligent, and voluntary. *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992), citing *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

{¶20} Thus, to prove a claim of ineffective assistance of counsel in the context of a guilty plea, the appellant must demonstrate that there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992); *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

{¶21} The record here demonstrates that Gatewood's plea was knowingly, intelligently, and voluntarily made. The trial court complied with the requirements of Crim.R. 11 before accepting Gatewood's plea. Gatewood indicated that he understood his rights, and that by pleading guilty he would be waiving his rights. Gatewood further

indicated during his plea colloquy with the court that he was satisfied with the representation he received from his counsel and that no threats or promises had been made to him to induce him to plead.

{¶22} The trial court asked Gatewood how he like to plead, to which Gatewood responded, "I plead guilty, your Honor." The court then questioned him, "[a]nd are you in fact guilty, sir?" to which Gatewood responded "[y]es your Honor."

{¶23} At his hearing on his motions to withdraw his plea and disqualify his counsel, the trial court inquired as follows:

> When you came to court, the Court looked directly to you and said, how do you plead? And you said, guilty. And I said, and sir, are you in fact guilty? And you said, yes.

> Now your attorney was not allowed to speak at that time. If you felt pressured * * * then why didn't you say that * * *?

{¶24} Gatewood's response was a general one, merely stating that he felt pressured. The court responded:

> Come off of it. That's absolutely false. You weren't pressured, because at the time that I said to you how do you plead, [your attorney] is not allowed to speak then. He's not allowed to express his opinion then. The dialogue has to happen between me and you. So he didn't say one word then.

> And then, to insure that I am not taking a guilty plea from an innocent person, I personally always say to a person, and are you in fact guilty? And you said, yes.

> I'm satisfied, sir, that it was a knowing, willing and voluntary plea.

{¶25} On consideration of this record, we find that Gatewood failed to demonstrate that his plea was less than knowingly, intelligently, and voluntarily made.

The trial court, therefore, properly denied his motions to withdraw his plea and to disqualify his counsel.

{¶26} The third assignment of error is overruled.

{¶27} The judgment of conviction is affirmed; the judgment of sentence is reversed and the case is remanded to the trial court for resentencing.

It is ordered that appellant and appellee split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
PATRICIA ANN BLACKMON, J., CONCURS