[Cite as *State v. Hartkemeyer*, 2014-Ohio-3560.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2014-01-008 |
| | : | O P I N I O N |
| - vs - | | 8/18/2014 |
| | : | |
| JONATHAN HARTKEMEYER, | : | |
| Defendant-Appellee. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 13 CR 29322

David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellant

Rittgers & Rittgers, Charles H. Rittgers, 12 East Warren Street, Lebanon, Ohio 45036, for defendant-appellee

**HENDRICKSON, P.J.**

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from a decision of the Warren County Court of Common Pleas granting the motion of defendant-appellee, Jonathan Hartkemeyer, to have marihuana reweighed after the stalks, stems, and other non-narcotic portions have been separated. For the reasons set forth below, we reverse the decision of the trial court and remand the matter for further proceedings.

{¶ 2}   On July 22, 2013, Hartkemeyer was indicted on one count of cultivation of marihuana in violation of R.C. 2925.04(A) (count one) and one count of trafficking in marihuana in violation of R.C. 2925.03(A)(2) (count two), both felonies of the first degree as the amount of marihuana involved exceeded 20,000 grams but was less than 40,000 grams and the offenses were committed in the vicinity of a juvenile.  Hartkemeyer was also indicted on one count of possession of marihuana in violation of R.C. 2925.11(A), a felony of the second degree as the amount of marihuana involved exceeded 20,000 grams but was less than 40,000 grams (count three), one count of possession of criminal tools in violation of R.C. 2913.24(A), a felony of the fifth degree (count four), and one count of having weapons while under disability in violation of R.C. 2923.13(A)(3), a felony of the third degree (count five). The charges arose following the seizure of marihuana from Hartkemeyer's property on April 8, 2013.

{¶ 3}   On November 1, 2013, Hartkemeyer filed a motion to dismiss the indictment or, in the alternative, to have the state reweigh the marihuana and proceed under that weight.  In his motion, Hartkemeyer argued that his equal protection rights were violated by the manner in which the state weighed the seized marihuana.  Hartkemeyer contended the marihuana seized on April 8, 2013 was weighed "wet" by the Miami Valley Regional Crime Laboratory (Miami Valley) while other similarly situated defendants were treated differently under the law as their marihuana was not weighed until it was dry.  Hartkemeyer also asserted that other similarly situated defendants were being treated differently with respect to what parts of the marihuana plant were collected by law enforcement and weighed by crime laboratories. Hartkemeyer contended that in his case, the "legal bare stalk" of the marihuana plant was combined with already harvested marihuana to inflate the weight, whereas "a similarly situated defendant in a different jurisdiction might not be subjected to the inflated weight based on law enforcement excluding the legal portions of the plant from the final weight." As

a result of these purported equal protection violations, Hartkemeyer sought to have the charges brought against him dismissed, or, in the alternative, an order requiring "the State to re-weigh the marihuana in question and to proceed to trial under that adjusted weight."

{¶ 4} On December 3, 2013, the trial court held an evidentiary hearing on Hartkemeyer's motion. At this time, several witnesses from Miami Valley and the Ohio Bureau of Criminal Identification and Investigation (BCI) testified regarding their organizations' various procedures in receiving and weighing marihuana. Subsequently, on December 31, 2013, the trial court issued a decision on Hartkemeyer's motion. At the outset, the trial court deferred ruling on Hartkemeyer's equal protection argument, stating that the argument would be addressed in a separate decision. The trial court then analyzed the appropriateness of having the marihuana reweighed by the state. In analyzing this issue, the trial court first noted Hartkemeyer was facing a mandatory 11-year prison term if convicted of the indicted offenses, given that the weight of the seized marihuana exceeded 20,000 grams. The court stated that a subsequent weighing of the seized marihuana in October 2013 resulted in a significantly reduced weight and that if such weight had been used at the time of indictment, Hartkemeyer would be facing a much shorter prison term as he would have been charged with trafficking, possession, and cultivation in the third degree.[1] Next, the trial court discussed the Supreme Court's holding in *State v. Wolpe*, 11 Ohio St.3d 50 (1984), concluding that while *Wolpe* does not require the state to separate "the illegal, narcotic portion of the marihuana from the non-narcotic, legal portions" before charging a defendant,

---

1. No evidence regarding the weight of the seized marihuana was introduced by either party at the December 3, 2013 hearing. In his memorandum in support of his motion to dismiss or, in the alternative, to have the state reweigh the marihuana, Hartkemeyer claimed the marihuana seized on April 8, 2013 was weighed by Miami Valley in three separate batches and on three separate dates as follows: (1) batch one, weighed either the day of the seizure or the day after, weighed 19,252 grams, (2) batch two, weighed within eight days of harvest, weighed 1,357 grams, and (3) batch three, weighed May 29, 2013, weighed 297 grams. The total, initial weight of the marihuana was, therefore, 20,906 grams. Hartkemeyer further claimed the marihuana was reweighed on October 14, 2013, and the cumulative weight of the marihuana was only 4,934 grams. It appears that the trial court relied on Hartkemeyer's representations in considering and ruling on Hartkemeyer's motion.

the holding in *Wolpe* "does not prohibit a defendant from obtaining an analysis where the stalks and stems are excluded." The trial court therefore granted Hartkemeyer's motion in part, ruling that Hartkemeyer's right to present a defense "entitled [him] to re-weigh the marihuana at the lower dry weight and without the stalks and stems and other non-narcotic legal portions, as defined by R.C. 2719.01, so that [he] may introduce evidence of the lower weight at trial in this matter."

{¶ 5} The state timely filed a motion for discretionary appeal in accordance with App.R. 5(C), seeking to challenge the trial court's ruling that Hartkemeyer was entitled to have the evidence reweighed without the stalks, leaves, and other nonnarcotic portions. On March 6, 2014, we granted the state's motion. *See State v. Hartkemeyer*, 12th Dist. Warren No. CA2014-01-008 (Entry Granting Motion for Discretionary Appeal) (Mar. 6, 2014).

{¶ 6} The state now raises as its sole assignment of error the following:

{¶ 7} THE WARREN COUNTY COURT OF COMMON PLEAS VIOLATED *STATE V. WOLPE,* 11 OHIO ST.3D 50, 463 N.E.2D 384 (1984), AND ITS PROGENY. THUS, THE TRIAL COURT HAS ABUSED ITS DISCRETION.

{¶ 8} On appeal, the state contends the trial court abused its discretion by holding that Hartkemeyer is entitled to have the marihuana reweighed without the stalks, leaves, and other non-narcotic portions attached.[2] The state asserts that *Wolpe* and subsequent case law interpreting *Wolpe* have established that marihuana is to be weighed in the physical condition it was in when seized. A defendant is therefore prohibited from having the buds removed from the stalks and leaves if the buds had not been removed prior to the evidence being seized. Conversely, Hartkemeyer argues the trial court did not err in granting his

---

2. The state does not challenge whether Hartkemeyer is entitled to have the marijuana reweighed altogether, but rather, focuses its challenge on whether the stalks, leaves, and other non-narcotic portions must be removed before the evidence is reweighed. Our holding is therefore limited to the issue of whether the aforementioned portions of the plant must be removed before the marihuana is reweighed.

motion as *Wolpe* allows defendants to argue "an alternative weight that is not artificially inflated due to the inclusion of portions of the marihuana plant that the legislature has identified as legal." Hartkemeyer contends *Wolpe* both allows the state to introduce evidence of the weight of the marihuana plant as it was found, which would include the legal portions which were not separated from the plant at the time of seizure, *and* allows defendants to present evidence of the weight of the marihuana without the stalks, stems, and other non-narcotic legal portions, as defined by R.C. 3719.01(O).

{¶ 9}  We review a trial court's decision regarding the admission or exclusion of evidence for an abuse of discretion.  *State v. Robb*, 88 Ohio St.3d 59, 68 (2000); *State v. Gray*, 12th Dist. Butler No. CA2011-09-176, 2012-Ohio-4769, ¶ 39.  An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable.  *State v. Boles*, 12th Dist. Brown CA2012-06-012, 2013-Ohio-5202, ¶ 14.

{¶ 10}  The definition of marihuana is set forth in R.C. 3719.01(O), which provides the following:

> "Marihuana" means *all* parts of a plant of the genus cannabis, whether growing or not; the seeds of a plant of that type; the resin extracted from a part of a plant of that type; and every compound, manufacture, salt, derivative, mixture, or preparation of a plant of that type or of its seeds or resin. "Marihuana" *does not include* the mature stalks of the plant, fiber produced from the stalks, oils or cake made from the seeds of the plant, or any other compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks, except the resin extracted from the mature stalks, fiber, oil or cake, or the sterilized seed of the plant that is incapable of germination.  (Emphasis added.)

{¶ 11} In *Wolpe*, 11 Ohio St.3d 50, the Supreme Court examined the definition of marihuana to determine whether the state had the burden of separating the statutorily

excluded portions of marihuana.[3]  There, the state advanced a construction of R.C. 3719.01 that would "permit a mixture of excluded and nonexcluded parts of the marihuana plant to be weighed in order to determine the weight of the marihuana for purposes of a criminal prosecution."  *Id.* at 51.  The defendant, on the other hand, proposed a construction of the statute that would require the state to separate all the excluded material from a quantity of marihuana prior to its being weighed to determine its amount in a criminal case.  *Id.*  In rejecting the defendant's approach and adopting the state's construction of the statute, the Supreme Court found:

> The obvious intent of the General Assembly in enacting the exclusion to the definition of "marihuana" in R.C. 3719.01[O] was to recognize that the mature stalks, sterilized seeds, and by-products thereof have either legitimate, lawful uses or no unlawful use and thus should not be deemed contraband.  *By structuring R.C. 3719.01[O] as it did, we conclude that the General Assembly additionally intended that, in order for certain parts of the marihuana plant to be excluded from the statutory definition, those parts must already have been separated from the non-excluded portions of the plant.*  (Emphasis added.)

*Id.* at 52.  In reaching this determination, the Supreme Court analyzed each sentence of the definition.  With respect to the first sentence of R.C. 3719.01(O), the court focused on the phrase "all parts" of a plant and found that "all parts of the marihuana plant * * * are

---

3.  **{ a}**  The version of R.C. 3719.01 in effect in *Wolpe* was slightly different than the current version of R.C. 3719.01.  When *Wolpe* was decided, marihuana was defined as follows:

> **{ b}**  "Marijuana" means all parts of any plant of the genus cannabis, whether growing or not, the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds or resin. It does not include the mature stalks of the plant, fiber produced from the stalks, oils or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks, except the resin extracted therefrom, fiber, oil or cake, or the sterilized seed of the plant which is incapable of germination.

**{ c}**  Former R.C. 3719.01(Q).  The only difference between the present definition of marihuana and the definition of marihuana as it existed at the time *Wolpe* was decided is the deletion of the word "any" from the first sentence.  The statute currently reads "all parts of a plant of the genus cannabis" rather than " all parts of *any* plant of the genus cannabis."  The deletion of the word "any" has not materially changed the definition of marihuana.

considered to be marihuana," which would "necessarily include mature stalks and sterilized seeds." *Id.* The court also found the exclusion set forth in the second sentence of R.C. 3719.01(O) "*applies only where the substance is found to consist solely of mature stalks, sterilized seeds, or otherwise excluded material.*" (Emphasis added.) *Id.* The Supreme Court therefore concluded that "the state has no burden to separate any statutorily excluded portions of the plant from the quantity of marihuana seized" from a defendant. *Id.*

{¶ 12} A year after *Wolpe* was decided, the Supreme Court reiterated its construction of R.C. 3719.01(O). In *State v. Davis*, 16 Ohio St.3d 34, 34 (1985), the Supreme Court relied on *Wolpe* in reversing this court's decision that plant stalks should be excluded when determining weight for purposes of statutory drug offenses. *Id.* Specifically, the Supreme Court in *Davis* found that "the state has no burden to separate any portion of the marijuana plant when determining weight for purposes of statutory drug offenses." *Id.*, citing *Wolpe* at 52. Subsequent appellate case law has consistently interpreted *Wolpe and Davis* to mean that the parts of marihuana plant that are excludable pursuant to the statutory definition must be physically separated from the rest of the plant while in the possession of the defendant in order to be excluded from the calculation of weight. *See, e.g., State v. West*, 8th Dist. Cuyahoga Nos. 97398 and 97399, 2012-Ohio-6138; *State v. Jarrells,* 72 Ohio App.3d 730 (2d Dist.1991); *State v. Rotaru*, 8th Dist. Cuyahoga No. 56499, 1990 WL 4471 (Jan. 25, 1990).

{¶ 13} Having reviewed the Supreme Court's decisions in *Wolpe* and *Davis*, we find that the trial court abused its discretion in holding that Hartkemeyer was entitled to reweigh the marihuana without the stalks, stems, and other nonnarcotic portions attached so that he could introduce evidence of such weight at trial. Contrary to the trial court's holding and Hartkemeyer's arguments, *Wolpe* does not permit a defendant to remove such parts of the plant after it has been seized by law enforcement. As recognized by the Supreme Court, the

legislative intent behind R.C. 3719.01(O) makes it clear that "in order for certain parts of the marihuana plant to be excluded from the statutory definition, those parts *must already have been separated* from the non-excluded portions of the plant." (Emphasis added.) *Wolpe*, 11 Ohio St.3d at 52. In light of the General Assembly's intent in enacting R.C. 3719.01(O), we find that Hartkemeyer is not permitted to have the stalks, stems, and other non-narcotic portions of the plant removed prior to having the marihuana reweighed. The weight of the marihuana excluding the stalks, stems, and nonnarcotic portions that were attached to the marihuana plants at the time of seizure is not relevant or admissible evidence.

{¶ 14} In reaching this determination, we are mindful of the trial court's concern with the mandatory prison term Hartkemeyer faces if convicted of the charged offenses. In granting Hartkemeyer's motion, the trial court expressed its concern that "the *Wolpe* court [failed to consider] the mandatory sentencing guidelines in holding that the State has no burden to separate the statutorily excluded portions of the plant from the illegal portions" and questioned whether the current Supreme Court would reach the same result if analyzing the issue today.[4] We note that while the sentencing provisions in effect today are different from those in effect at the time *Wolpe* was decided, the weight of marihuana a defendant is charged with possessing has always had an effect on the sentence imposed. Nothing in the

---

4. **{ a}** At the December 3, 2013 hearing, the trial court expressed the following concern:

> **{ b}** THE COURT: The case - - I'll tell you some of my concerns. The case says that even though marijuana is defined by law as the leaf, and the buds, and stems, it's okay to go ahead and weigh things that aren't marijuana, 1985 case. I'm trying to sort out if they really - - if the Supreme Court 20 years ago, 30 years ago almost was really considering these mandatory sentences when they said we are not going to worry too much about whether it's really marijuana or not and whether or not that case is still law would still be found to be the law in Ohio by our current Supreme Court. Maybe even considering the [E]ighth Amendment issue here when I'm sentencing people who injure babies to the extent they'll never walk, breathe, eat, smell, or see again to a maximum of eight years and then I'm looking at a case like this where the least I could give someone if they're proven guilty here for possessing a certain amount of marijuana and maybe having a three year old in the vicinity is 11 years. I have a real problem with that.

Supreme Court's rationale in *Wolpe* indicates that the Court's decision was somehow dependent upon the sentencing laws in effect at that time. Rather, the Supreme Court's decision was clearly based upon an interpretation of the legislature's intent in adopting the definition of marihuana as set forth in R.C. 3719.01. The legislature's intent in enacting R.C. 3719.01 has not changed since *Wolpe* was decided. Until the legislature acts, the trial court is bound by the confines of the law as it is currently written and not as it wishes it to be.

{¶ 15} Accordingly, we sustain the state's sole assignment of error and find the trial court erred in holding that Hartkemeyer is entitled to have the stalks, stems, and other non-narcotic portions separated from the marihuana before it is reweighed.

{¶ 16} Judgment reversed and the matter remanded for further proceedings consistent with this opinion.

PIPER and M. POWELL, JJ., concur.